IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50502
Summary Calendar
_____


ETHEL M JAMISON

          Plaintiff - Appellant

     v.

AUSTIN INDEPENDENT SCHOOL DISTRICT

          Defendant - Appellee

--------------------
Appeal from the United States District Court
for the Western District of Texas, Austin
USDC No. 1-99-CV-340-JN
--------------------
December 5, 2000

Before KING, Chief Judge, and JONES and STEWART, Circuit Judges.

PER CURIAM:[*]

     Plaintiff-appellant Ethel M. Jamison filed suit against defendant-appellee Austin Independent School District asserting claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 200e et seq. ("Title VII"); the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"); the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"); and the Due Process Clause. The basis of plaintiff's complaint is an incident that occurred on May 6, 1997, that resulted in her alleged resignation and subsequent termination. The district

          [*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

court granted summary judgment for the defendant, holding that (i) plaintiff's claims under Title VII are barred by reason of her failure to file a claim with the EEOC; (ii) plaintiff's claims under the ADA are barred by reason of her failure to file a charge of discrimination with the EEOC or the Texas Human Rights Commission; (iii) plaintiff's claim of a deprivation of property without due process of law is time-barred; and (iv) plaintiff's only non-time-barred claim under the FMLA is for a willful violation of the FMLA, and the evidence submitted by plaintiff fails to raise a genuine issue of material fact that defendant willfully violated the FMLA.

On appeal, plaintiff argues that defendant was on notice of her chronic diseases of hypertension and arthritis, and that firing her because she missed work days because of these illnesses constitutes a willful violation of the FMLA. Defendant argues in response that in order to properly invoke the FMLA, plaintiff is required to give notice of her need for leave. The record reflects that plaintiff's need for leave was occasioned by something akin to an anxiety or panic attack, unrelated to her prior excused absences. Plaintiff invocation of her need for leave by stating simply that she "was ill" was insufficient to invoke the protections of the FMLA. See Satterfield v. Walmart, 135 F. 3d 973 (5th Cir. 1998).

The judgment of the district court is AFFIRMED.